IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DWIGHT LaGRANT BAKER          §
                              §
           Petitioner,        §
                              §
VS.                           §
                              §   NO. 3-08-CV-0694-B
                              §
NATHANIEL QUARTERMAN, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division §
                              §
           Respondent.        §

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Dwight LaGrant Baker, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of murder. Punishment was assessed by the trial court at 30 years confinement. His conviction and sentence were affirmed on direct appeal. *Baker v. State*, No. 05-04-01636-CR, 2006 WL 1194747 (Tex. App.--Dallas, May 4, 2006, pet. dism'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Baker*, WR-68,132-01 (Tex. Crim. App. Jan. 9, 2008). Petitioner then filed this action in federal district court.

II.

In one broad ground for relief, petitioner contends that he received ineffective assistance of counsel because his attorney: (1) did not elicit evidence of the victim's behavior and possible use of marijuana; (2) failed to object to the introduction of prejudicial photographs and to leading

questions asked by the prosecutor; (3) did not file a motion to prohibit the state from using prior convictions for impeachment purposes; and (4) failed to request a jury instruction on the lesser included offense of manslaughter.[1]

A.

As a preliminary matter, respondent argues that most of petitioner's claims are unexhausted and procedurally barred from federal habeas review. A prisoner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005), Texas law prohibits a prisoner from filing a second or successive habeas petition if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005). Under this statute:

---

[1] As part of his answer, respondent argues that petitioner's claims are barred by the AEDPA statute of limitations. (*See* Resp. Ans. at 5-15). The court need not decide this procedural issue as petitioner is not entitled to federal habeas relief in any event. *See Mack v. Quarterman*, No. 3-06-CV-0903-L, 2007 WL 241373 at *2 n.1 (N.D. Tex. Jan. 26, 2007), *COA denied*, No. 07-10285 (5th Cir. Feb. 19, 2008) (declining to address affirmative defense of limitations where petitioner was not entitled to relief on the merits).

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* This procedural bar also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07, § 4. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Petitioner cited 24 examples of ineffective assistance of counsel in his state writ. *See Ex parte Baker*, WR-68,132-01, Tr. at 7-18. However, he never argued that his attorney was ineffective for not eliciting evidence of the victim's behavior and possible use of marijuana, for not objecting to the introduction of prejudicial photographs and to leading questions asked by the prosecutor, and for not filing a motion to prohibit the state from using prior convictions for impeachment purposes. Instead, petitioner raises these claims for the first time in his federal writ. The court finds that a Texas court, presented with these claims in a successive habeas petition, would likely find them barred under article 11.07, § 4. Consequently, federal habeas relief is not proper. *See Coleman*, 111

S.Ct. at 2557 n.1; *Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

B.

Petitioner also contends that his attorney was ineffective for failing to request a jury instruction on the lesser included offense of manslaughter.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Strickland*, 104 S.Ct. at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

Where, as here, a state court has already rejected an ineffective assistance of counsel claim, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1519-20. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

2.

Petitioner was charged with intentionally and knowingly causing the death of Sesame Silas by striking and cutting him with a bottle. *See Ex parte Baker*, WR-68,132-01, Tr. at 355. At trial, petitioner testified that he acted in self-defense. Although petitioner admitted to striking Silas over the head with a full half-gallon glass bottle of banana rum, petitioner said he did so only after Silas hit him in the face with an unidentified object. (*See* SF-IV at 31, 35-36). Another witness to the incident was Teresa Smith, who testified that petitioner struck Silas with a bottle after the two exchanged words and Silas "turned like he was fixing to leave." (*See* SF-III at 58-59). However, Smith later acknowledged telling the police that she "didn't see anything." (*See id.* at 69-70). Two other witnesses, Burnis Stevens and Tory Allen, confirmed that Smith was not present at the time

of the incident and did not see petitioner strike Silas. (*See id.* at 166-67; SF-IV at 9). According to Stevens, who was standing about two feet behind petitioner, Silas came towards petitioner and reached into his pocket before petitioner struck him with the bottle. (*See* SF-III at 164, 169-70).

In an affidavit submitted to the state habeas court, defense counsel explained that he did not request a jury instruction on the lesser included offense of manslaughter because "I felt that Mr. Baker had a strong argument for self defense and believe he had a chance for an outright acquittal; therefore, I probably chose not to ask for the lesser included offense to avoid a 'compromise verdict.'" *Ex parte Baker*, WR-68,132-01, Tr. at 353. Based on this explanation, the state court rejected petitioner's claim of ineffective assistance of counsel. *Id.*, Tr. at 350. Petitioner has failed to adduce any evidence, much less clear and convincing evidence, to rebut this finding. Indeed, under Texas law, a manslaughter instruction is warranted only if a jury could rationally find that the defendant acted "recklessly" to cause the death of an individual. *See Kennedy v. State*, 193 S.W.3d 645, 651 (Tex. App.--Fort Worth 2006, pet. ref'd), *citing* TEX. PENAL CODE ANN. § 19.04(a) (Vernon 2003). However, a person cannot act recklessly in self-defense. *See Huerta v. State*, No. 05-07-00847-CR, 2008 WL 4603473 at *4 (Tex. App.--Dallas, Oct. 17, 2008, no pet.) (citing cases). Had the trial court instructed the jury on manslaughter, it would have undermined petitioner's theory of self-defense. Counsel was not ineffective for failing to request such an instruction. *See Sarwacinski v. McBride*, 51 F.3d 276 (Table), 1995 WL 123120 at *3 (7th Cir. Mar. 21, 1995) (decision to request self-defense instruction instead of voluntary manslaughter instruction in an attempt to avoid "compromise verdict" was sound trial strategy); *Domingo v. Greiner*, No. 99 Civ. 1906 (JSM), 2002 WL 362761 at *2 (S.D.N.Y. Mar. 5, 2002) (same).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 13, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE